U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 30 2014

CLERK, U.S. DISTRICT COURT
By_____
           Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JERALD JEROME DORSEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:14-CV-315-A |
| | § | |
| RODNEY W. CHANDLER, Warden, | § | |
| FCI-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jerald Jerome Dorsey, a federal prisoner currently incarcerated in FCI-Fort Worth, against Rodney W. Chandler, Warden of FCI-Fort Worth, respondent. After having considered the petition and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed for lack of subject matter jurisdiction. No service has issued upon respondent.

I. Factual and Procedural History

Petitioner is serving a 180-month term of imprisonment for his 2007 federal court conviction for possession of a firearm by a convicted felon in the United States District Court of Georgia, Atlanta Division. J. in a Criminal Case, *United States v.*

*Dorsey*, Criminal Docket No. 1:06-CR-325-ODE, ECF No. 81. In this petition, petitioner challenges his 1974 state court conviction in Georgia Superior Court of Fulton County, for burglary, for which he received a 3-year probated sentence, used to enhance his federal sentence under the Armed Career Criminal Act. Pet. 2, ECF No. 1, 6 & Insert.

II. Subject Matter Jurisdiction

This court has the duty to assure that it has jurisdiction over the matters before it. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding. *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng*, 490 U.S. at 490-91. This is true even if the prior conviction is used to enhance the sentence imposed for any subsequent crime of which he is convicted. *Maleng*, 490 U.S. at 492. Presumably,

petitioner's 3-year sentence for his 1974 burglary conviction fully expired years ago. Thus, he was not in custody under the 1974 conviction and sentence at the time this petition was filed, and he may not now challenge the conviction directly in a § 2254 petition. *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995); *Maleng*, 490 U.S. at 492-93.

Nor does this court has subject matter jurisdiction to consider a challenge to the Georgia courts' denial of petitioner's petition for writ of error *coram nobis* to invalidate his 1974 conviction. Pet. 9, ECF No. 1. A writ of error *coram nobis* is available to federal courts pursuant to the All Writs Act, 28 U.S.C. § 1651(a), providing "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). The writ is accessible to a petitioner who has completed his sentence and is no longer "in custody" for purposes of seeking relief under 28 U.S.C. § 2241 or § 2255. *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir.1998). However, the "function of the writ of error *coram nobis* is to permit a court to review its own judgement," not to provide an inmate with an alternative avenue to challenge a state conviction in federal court. *Sinclair v. Louisiana*, 679

3

F.2d 513, 515 (5th Cir.1982). The Fifth Circuit has made clear that "the writ of error coram nobis is not available in federal court to attack state criminal judgments." *Id. See also Finkelstein v. Spitzer*, 455 F.3d 131, 133-34 (2d Cir. 2006), *cert. denied,* 549 U.S. 1169 (2007) (collecting cases) ("the district courts lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts").

For the reasons discussed herein,

The court ORDERS the petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice for lack of subject matter jurisdiction.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED May 30, 2014.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE